United States District Court
Southern District of Texas
ENTERED
November 04, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TEODORO SOTO MENDOZA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-8757 |
| | § | |
| RANDY TATE, et al., | § | |
| | § | |
| Respondents. | § | |

# MEMORANDUM OPINION AND ORDER

On April 9, 2021, Teodoro Soto Mendoza ("Petitioner"), a citizen of Mexico, was admitted to the United States pursuant to a B1/B2 visitor's visa until October 8, 2021.[1] On August 10, 2026, Petitioner was taken into immigration custody.[2] On August 11, 2026, Petitioner was served with a Notice to Appear, charging him with inadmissibility pursuant to § 212(a)(6)(A)(i) of the Immigration

[1]Petitioner's Reply to Respondent's Answer and Motion for Summary Judgment, Docket Entry No. 8, p. 2; Petition for Writ of Habeas ("Habeas Petition"), Exhibit 1 to Civil Cover Sheet, Docket Entry No. 1-1, p. 19¶ 41; Passport, Exhibit 5 to Civil Cover Sheet, Docket Entry No. 1-2, p. 11; B1/B2 Visa Card, Exhibit 6 to Civil Cover Sheet, Docket Entry No. 1-2, pp. 13-16; Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 7, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Habeas Petition, Exhibit 1 to Civil Cover Sheet, Docket Entry No. 1-1, p. 9 ¶ 44.

and Nationality Act.[3] On September 28, 2026, an immigration judge denied Petitioner a bond hearing, citing lack of jurisdiction.[4] Petitioner remains in immigration detention.[5]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates due process.[6] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 7). Respondents argue that Petitioner is legally detained under § 1225(b)(2) as an applicant for admission.[7] Petitioner has filed a reply.[8]

Petitioner has submitted evidence that he entered the United States pursuant to a B1/B2 visitor's visa in 2021.[9] He has since become removable because he remained in the United States for a time longer than permitted.[10] Petitioner is therefore not subject to mandatory detention under § 1225(b)(2). The Fifth Circuit has held that "only § 1226(a) applies to admitted aliens who overstay their visas, become deportable on many different grounds, or were admitted erroneously due to fraud or some other error." Buenrostro-Mendez v. Bondi, 166 F.4th 494, 505 (5th Cir. 2026). "Federal

---

[3]Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 7-1, pp. 1, 4.

[4]Order of the Immigration Judge, Exhibit 11 to Civil Cover Sheet, Docket Entry No. 1-2, p. 31.

[5]Respondents' MSJ, Docket Entry No. 7, p. 3.

[6]Habeas Petition, Exhibit 1 to Civil Cover Sheet, Docket Entry No. 1-1, pp. 17-18 ¶¶ 79-89.

[7]Respondents' MSJ, Docket Entry No. 7, pp. 1-2.

[8]Petitioner's Reply to Respondent's Answer and Motion for Summary Judgment, Docket Entry No. 8.

[9]Habeas Petition, Exhibit 1 to Civil Cover Sheet, Docket Entry No. 1-1, p. 19¶ 41; Passport, Exhibit 5 to Civil Cover Sheet, Docket Entry No. 1-2, p. 11; B1/B2 Visa Card, Exhibit 6 to Civil Cover Sheet, Docket Entry No. 1-2, pp. 13-16.

[10]B1/B2 Visa Card, Exhibit 6 to Civil Cover Sheet, Docket Entry No. 1-2, pp. 13-16.

regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." Jennings v. Rodriguez, 138 S. Ct. 830, 847 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Because Petitioner is an admitted alien that later became deportable, Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **GRANTED**, and Respondents' Motion for Summary Judgment (Docket Entry No. 7) is **DENIED**. Respondents are **ORDERED** either to release Petitioner or provide him with a bond hearing by November 10, 2026. Respondents are furthered **ORDERED** to submit a status report to the court by November 17, 2026.

**SIGNED** at Houston, Texas, on this 4th day of November, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE