United States District Court
Southern District of Texas
**ENTERED**
November 12, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TEODORO SOTO MENDOZA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-8757 |
| | § | |
| RANDY TATE, et al., | § | |
| | § | |
| Respondents. | § | |

**ORDER**

On October 6, 2026, Teodoro Soto Mendoza ("Petitioner") filed a Petition for Writ of Habeas Corpus arguing that his detention under § 1225(b)(2) was unlawful.[1] On November 4, 2026, the court granted Petitioner's Habeas Petition in part and ordered Respondents to either release Petitioner or provide him with a bond hearing by November 10, 2026.[2] The court explained that although Petitioner's Notice to Appear stated that he entered the United States without inspection, Petitioner submitted evidence that he was admitted to the United States pursuant to a B1/B2 visitor's visa.[3] The court further explained that Petitioner is therefore an admitted alien who is not subject to mandatory detention under § 1225(b)(2).[4]

---

[1]Habeas Petition, Exhibit 1 to Civil Cover Sheet, Docket Entry No. 1-1, pp. 17-18 ¶¶ 79-89. For the purpose of identification all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Memorandum Opinion and Order, Docket Entry No. 9, p. 3.

[3]Id. at 1-2.

[4]Id.

On November 6, 2026, Petitioner was afforded a bond and custody redetermination hearing.[5] The immigration judge denied Petitioner a bond finding that Petitioner is a flight risk and an applicant for admission.[6] Petitioner remains in immigration custody.

It is not clear whether Respondents have complied with the court's November 4, 2026, order. The immigration judge found that Petitioner is an applicant for admission despite the court's finding to the contrary. As explained above, the court concluded that Petitioner is an admitted alien based on evidence that he entered the United States pursuant to a B1/B2 visa. Moreover, In re: Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), strips immigration judges of jurisdiction to adjudicate the detention status of applicants for admission detained under § 1225(b)(2). It is therefore unclear how the immigration judge determined that Petitioner is a flight risk given his finding that Petitioner is an applicant for admission.

Without more, the court cannot determine whether Respondents have complied with the court's November 4, 2026, order. Respondents are therefore **ORDERED** to respond to Petitioner's Motion to Enforce Compliance with Court Order (ECF NO. 9) and Memorandum of Law in Support (Docket Entry No. 10), and in particular to clarify the immigration judge's findings and ruling.

**SIGNED** at Houston, Texas, on this 12th day of November, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[5]Order of the Immigration Judge, Exhibit 14 to Motion to Enforce Compliance with Court Order (ECF NO. 9) and Memorandum of Law in Support, Docket Entry No. 10-2, p. 3.

[6]Id.