United States District Court
Southern District of Texas
ENTERED
November 19, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TEODORO SOTO MENDOZA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-8757 |
| | § | |
| RANDY TATE, et al., | § | |
| | § | |
| Respondents. | § | |

# ORDER

On October 6, 2026, Teodoro Soto Mendoza ("Petitioner") filed a Petition for Writ of Habeas Corpus arguing that his detention under § 1225(b)(2) was unlawful.[1] On November 4, 2026, the court granted Petitioner's Habeas Petition in part and ordered Respondents to either release Petitioner or provide him with a bond hearing by November 10, 2026.[2] The court explained that although Petitioner's Notice to Appear stated that he entered the United States without inspection, Petitioner submitted evidence that he was admitted to the United States pursuant to a B1/B2 visitor's visa.[3] The court further explained that Petitioner is therefore an admitted alien who is not subject to mandatory detention under § 1225(b)(2).[4]

---

[1]Habeas Petition, Exhibit 1 to Civil Cover Sheet, Docket Entry No. 1-1, pp. 17-18 ¶¶ 79-89. For the purpose of identification all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Memorandum Opinion and Order, Docket Entry No. 9, p. 3.

[3]Id. at 1-2.

[4]Id.

On November 6, 2026, Petitioner was afforded a bond and custody redetermination hearing.[5] Despite the court's finding that Petitioner is not an applicant for admission, the immigration judge denied Petitioner a bond finding that he is a flight risk and an applicant for admission.[6] Petitioner remains in immigration custody.

On November 11, 2026, Petitioner filed his Motion to Enforce Compliance with Court Order, arguing that Respondents failed to comply with the court's November 4, 2026, order, which required a hearing that satisfies the requirements of procedural due process.[7] That same day the court entered an order requiring Respondents to clarify the immigration judge's findings and ruling.[8] On November 17, 2026, Respondents filed a status report responding to the court's order.[9] Respondents state that they "do not oppose the Court issuing a new order for a new bond hearing to be conducted."[10]

Petitioner's Motion to Enforce Compliance with Court Order (ECF No. 9) and Memorandum of Law in Support (Docket Entry No. 10) is **GRANTED**, and Respondents are **ORDERED** to provide Petitioner with a new bond hearing by November 30, 2026. The bond hearing must be conducted consistent with the court's finding that Petitioner is not an applicant for admission.

---

[5]Order of the Immigration Judge, Exhibit 14 to Motion to Enforce Compliance with Court Order (ECF NO. 9) and Memorandum of Law in Support, Docket Entry No. 10-2, p. 3.

[6]Id.

[7]Motion to Enforce Compliance with Court Order (ECF No. 9) and Memorandum of Law in Support, Docket Entry No. 10, p. 6.

[8]Order, Docket Entry No. 11, p. 2.

[9]Status Report and Non-Opposition to New Bond Hearing, Docket Entry No. 11.

[10]Id. at 3.

Respondents are further **ORDERED** to provide Petitioner's counsel with the date and time of the new bond hearing at least five days in advance and to ensure that a digital audio recording be produced and made accessible to the parties.

Finally, Respondents are **ORDERED** to submit a status report to the court by December 7, 2026.

**SIGNED** at Houston, Texas, on this 19th day of November, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE